UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| LUCIUS YOUNG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV425-041 |
| | ) | |
| LYLE BURNHAM (A.D.A.), *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* plaintiff Lucius Young filed this 42 U.S.C. § 1983 action alleging his request for a speedy trial of a state court prosecution was denied. *See* doc. 1 at 5. The Court granted him leave to proceed *in forma pauperis*, doc. 8, and he returned the required forms, docs. 11 & 12. The Court, therefore, proceeds to screen his Complaint, pursuant to 28 U.S.C. § 1915A. For the reasons explained below, his Complaint is **DISMISSED**. Doc. 1.

The Court applies Federal Rule of Civil Procedure 12(b)(6) standards in screening a complaint pursuant to § 1915A, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), so allegations in the Complaint are taken as true and construed in the light most favorable to

the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n.1 (11th Cir. 2011). Conclusory allegations, however, fail. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (discussing a Rule 12(b)(6) dismissal). Because Plaintiff is proceeding *pro se*, his pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed. *See Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011).

Young's allegations are terse. He alleges, simply, that he "requested a speedy trial," a hearing was held before Defendant Judge Benjamin W. Karpf, and his request "was never honored." Doc. 1 at 5. It is unclear whether any formal motion was filed or resolved by the state court. *See id.* It is also unclear whether the proceedings, as a whole, have been resolved. *See id.* The Court notes, however, that Young appears to remain incarcerated. *See, e.g.,* doc. 11 at 2. He names as defendants, in addition to Judge Karpf, the District Attorney for Chatham County, an assistant district attorney, and a "public defender." *See* doc. 1 at 1, 4. He seeks monetary damages. *Id.* at 6.

To the extent that Young asks this Court to weigh in on the propriety of ongoing state proceedings against him, any ruling by this Court could substantially interfere with the results reached in the state

court proceeding. *See 31 Foster Children v. Bush*, 329 F.3d 1255, 1276 (11th Cir. 2003) (noting the importance of "whether the federal proceeding will interfere with an ongoing state court proceeding" in determining whether abstention is appropriate). Pursuant to *Younger v. Harris*, 401 U.S. 37, 53 (1971), federal courts must abstain from hearing claims that would interfere with pending state criminal proceedings, provided that the party seeking federal relief has an adequate remedy at law and has not shown that he will suffer irreparable injury. Plaintiff, obviously, remains free to allege constitutional and procedural violations in his state criminal proceedings. He thus cannot demonstrate the lack of an adequate remedy at law nor irreparable injury. *Younger*, 401 U.S. at 46 ("Certain types of injury, in particular, the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution, could not by themselves be considered 'irreparable' in the special legal sense of that term."). Thus, any such arguments are for the state court. *See also Heck v. Humphrey*, 512 U.S. 477, 487 n. 8 (1994) ("[I]f a state criminal defendant brings a federal civil-rights lawsuit during the pendency of his criminal trial, appeal, or state habeas action, abstention may be an appropriate response to the parallel state-court proceedings.").

However, even assuming the state proceedings have terminated, his claims against the named defendants are all fatally defective.

The only defendant against whom factual allegations are leveled is Judge Karpf. Judges are generally immune from suit unless they act in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005); *Simmons v. Conger*, 86 F.3d 1080, 1084-85 (11th Cir. 1996). This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction. *See Stump*, 435 U.S. at 356; *Harris v. Deveaux*, 780 F.2d 911, 914 (11th Cir. 1986). While Young clearly disagrees with Judge Karpf's response to his speedy trial "request," he does not even suggest that Judge Karpf's response was in the "clear absence of all jurisdiction." *Cf.* O.C.G.A. § 15-6-8. Judge Karpf, therefore, enjoys absolute judicial immunity against any claim arising out of his handling of Young's "request."

The lack of any factual allegations implicating either Defendant Cook Jones or Burnham is clearly fatal to any claim against either of them. *See, e.g., Iqbal*, 556 U.S. at 678 ("the pleading standard . . . demands more than an unadorned, the-defendant-unlawfully-harmed-

4

me accusation."). Defendants Cook Jones and Burnham are also immune from suit. Prosecutors are immune from § 1983 liability where their alleged malfeasance stems from their "function as advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). They enjoy "absolute immunity for the initiation and pursuit of criminal prosecution," even when accused of perjury. *Id.; see also Imbler v. Pachtman*, 424 U.S. 409 (1976) (prosecutorial immunity applied to allegations prosecutor knowingly used perjured testimony and suppressed material evidence at trial); *Jackson v. Capraun*, 534 F. App'x 854, 859 (11th Cir. 2013) (prosecutor entitled to absolute immunity for initiating prosecution even if he did so with malicious intent); *Fullman v. Graddick*, 739 F.2d 553, 559 (11th Cir. 1984) (determining prosecutor entitled to immunity from § 1983 liability for allegedly conspiring to withhold evidence and to create and proffer perjured testimony).

Prosecutorial immunity "extends to a prosecutor's 'acts undertaken . . . in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.'" *Jones*, 174 F.3d at 1281 (citation omitted).

> Prosecutorial immunity applies, for instance, to the prosecutor's actions in initiating a prosecution and

5

> presenting the State's case. A prosecutor is immune for malicious prosecution. Prosecutors are immune for appearances before a court and conduct in the courtroom, including examining witnesses and presenting evidence in support of a search warrant during a probable cause hearing.

*Hart v. Hodges*, 587 F.3d 1288, 1295 (11th Cir. 2009) (citations omitted). Since there are no allegations about how either Defendant Cook Jones or Burham was involved in Young's request, the Court can only infer that he contends that they are liable for improperly opposing such a request. Any such allegation falls squarely within the actions for which prosecutors are immune from suit.

To the extent that Young seeks to sue his public defender, Defendant Attridge, it is unclear how he contends Attridge was responsible for the objectionable disposition of his speedy trial request. *See* doc. 1 at 5. Again, the lack of factual allegations against Attridge is fatal to Young's claim. *See, e.g., Iqbal*, 556 U.S. at 678. Regardless, however, Attridge's actions as a public defender are not "under color of state law." The Supreme Court has concluded "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Wahl v. McIver*, 773 F.2d

1169, 1173 (11th Cir. 1985) (finding public defender "did not act under 'color of state law' notwithstanding his appointment as counsel by a judicial officer"). As Attridge's actions, or inactions, as a public defender were not performed "under color of state law," he cannot be sued under § 1983.[1]

Accordingly, Young's Complaint is **DISMISSED**. Doc. 1. His claims against Judge Karpf, District Attorney Cook Jones, and Assistant District Attorney Burnham are all dismissed as those defendants are immune. *See, e.g.,* 28 U.S.C. § 1915A(b)(2). Young's claim against his public defender, Attridge, are dismissed because, in his capacity as public defender, Attridge is not a state actor. Any § 1983 claim arising from his actions as a public defender, therefore, fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1). While *pro se* parties are often entitled to an opportunity to amend claims before dismissal, such an opportunity is not warranted here because any amendment

---

[1] To the extent that Young might assert some state-law malpractice claim against his public defender, unless he alleges a viable federal claim, the Court would decline to exercise supplemental jurisdiction over any such claim. *See, e.g., Mergens v. Dreyfoos*, 166 F.3d 1114, 1119 (11th Cir. 1999) ("[I]f the federal claims are dismissed prior to trial, [*United Mine Workers v.*] *Gibbs* strongly encourages or even requires dismissal of state claims." (internal quotation marks and citations omitted)).

would be futile.  *See, e.g., Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015).  The Clerk is **DIRECTED** to **CLOSE** this case.

Finally, the Court must assess Young's filing fee.  *See* 28 U.S.C. § 1915(b).  Young's Prisoner Trust Account Statement indicates that the average monthly deposits to his prison trust account were $178.00 in the six months prior to the Complaint.  Doc. 12 at 1.  He, therefore, owes a $35.60 initial partial filing fee.  *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," based upon average deposits to or balance in a prisoner's account, under a specific 20 percent formula).  His account custodian shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10, until the balance of the Court's $350 filing fee has been paid in full.  In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian.  The balance due from plaintiff shall

8

be collected by the custodian at his next institution in accordance with the terms of the payment directive portion of this Order.

**SO ORDERED**, this 1st day of April, 2025.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA